472 P.2d 655

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Kenneth Douglas FOLLIS, Defendant-Appellant.**

**No. 478.**

Court of Appeals of New Mexico.

June 19, 1970.

Glen L. Houston, Williams, Johnson, Houston & Reagan, Hobbs, for defendant-appellant.

James A. Maloney, Atty. Gen., Robert J. Young, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant pled guilty to larceny and was sentenced to the penitentiary. His motion for post-conviction relief under § 21–1–1 (93), N.M.S.A.1953 (Supp.1969) was denied without a hearing. Defendant appeals, raising four issues.

His claims and our answers follow:

■ 1. *He was sentenced for a third degree felony, yet his co-defendants were sentenced for a fourth degree felony.*

Defendant pled guilty to larceny of property valued in excess of $2500.00. This was a third degree felony. Section 40A–16–1, N.M.S.A.1953 (Repl.Vol. 6). The trial court imposed the statutory sentence for this degree of felony. Section 40A–29–3, N.M.S.A.1953 (Repl.Vol. 6). The fact that defendant was sentenced to the term authorized by law provides no basis for post-conviction relief. Hernandez v. State, (Ct.App.) 81 N.M. 634, 471 P.2d 204, decided May 28, 1970; State v. McCain, 79 N.M. 197, 441 P.2d 237 (Ct.App.1968).

Defendant asserts that "co-defendents" [sic] were sentenced for a fourth degree felony on the basis of "the same identical act," that the State had reduced the charge to a fourth degree felony on one co-defendant. This claim goes outside the record in this case. Assuming the claim to be factually correct, it provides no basis for relief. State v. Holly, 79 N.M. 516, 445 P.2d 393 (Ct.App.1968) states:

"* * * His guilt having been established the fact another equally guilty with him received lesser punishment on a reduced degree of the same crime, does not affect appellant's guilt of the felony charged against him. * * *

"There is no requirement in criminal procedure that a court impose identical sentences upon persons jointly guilty of a crime. * * *"

State v. Sharp, 79 N.M. 498, 445 P.2d 101 (Ct.App.1968) states:

"* * * This alleged inequality in sentences for the same offense, if true, does not provide a basis for post-conviction relief. The 'equal protection of the law' provisions of the United States and New Mexico Constitutions do not require uniform enforcement of the law and do not protect defendant from the consequences of his crime. * * *"

See also State v. Baldonado, 79 N.M. 175, 441 P.2d 215 (Ct.App.1968).

2. *There was no pre-sentence report and defendant was not considered for probation.*

When asked, defendant said he did not want the trial court to obtain a pre-sentence report before passing sentence. No pre-sentence report was obtained. Defendant claims a pre-sentence report "is required," and that the court erred in sentencing him without obtaining such a re-

port. Section 41–17–23, N.M.S.A.1953 (Repl. Vol. 6) states:

"The court should, in its discretion, order a presentence investigation for a defendant convicted of any crime. * * *"

■■■ The absence of a pre-sentence report provides no basis for relief. Contrary to defendant's contention, the obtaining of the report is not a matter of right. Rather, § 41–17–23, supra, states the report is discretionary with the court. No abuse of discretion is claimed. Further, defendant was informed such a report would be obtained if such was defendant's desire. Defendant did not want such a report. His answer waived the report.

■ The suspension or deferment of a sentence is not a matter of right but is an act of clemency within the trial court's discretion. State v. Knight, 78 N.M. 482, 432 P.2d 838 (1967); State v. Serrano, 76 N.M. 655, 417 P.2d 795 (1966). Defendant does not claim that he had a right to be placed on probation. His claim is that he had a right to be considered for probation because that is the purpose of the Probation and Parole Act. See § 41–17–13, N.M.S.A.1953 (Repl.Vol. 6). He asserts his sentence is void on the basis the trial court did not consider him for probation before sentencing him to the penitentiary.

Section 40A–29–17, N.M.S.A.1953 (Repl. Vol. 6) requires the trial court to place a defendant on probation when sentence has been deferred or suspended. See § 41–17–14(A), N.M.S.A.1953 (Repl.Vol. 6). Under § 40A–29–15, N.M.S.A.1953 (Repl.Vol. 6), the trial court may defer or suspend a sentence " * * * when it is satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby. * * *"

■■■ Here, as in State v. Serrano, supra, defendant's counsel asked the court to place defendant on probation before sentence was imposed. Here, as in *Serrano*, no reasons were given by the court for denying probation. Here, as in *Serrano*, the Legislature has not required a specification of reasons. *Serrano* states: "* * * if

the record is silent as to the reasons for a ruling, regularity and correctness are presumed. * * *" Accordingly, it is presumed the court considered the question of probation before sentencing defendant to the penitentiary. Defendant's claim states no basis for post-conviction relief because no claim is made which tends to overcome the presumption. Compare State v. Serrano, supra.

### 3. *Incompetency of counsel.*

■ Defendant asserts the lack of a pre-sentence report and the asserted failure of the trial court to consider defendant for probation "* * * reflect on purported counsel of record * * * because he failed to properly represent the petitioner. * * *" A claim of "failing to properly represent" is too general to raise an issue as to incompetency of counsel. See State v. Ramirez, 81 N.M. 150, 464 P.2d 569 (Ct.App.1970). It was defendant who waived the pre-sentence report. Defendant's counsel asked that defendant be placed on probation. There are no allegations indicating the proceedings were a sham, farce, or mockery. This claim provides no basis for post-conviction relief. State v. Ramirez, supra.

### 4. *Defendant was mentally incompetent.*

■ Defendant claimed that he was mentally incompetent. We understand this to be a claim that he was incompetent to enter his plea of guilty. In support of this claim he submitted two neuropsychiatric reports. The trial court considered the reports and found "* * * that the evidence submitted by defendant * * * shows that defendant was mentally competent during all times." This finding is not attacked; it is conclusive on appeal. State v. Thompson, 80 N.M. 134, 452 P.2d 468 (1969); State v. Botello, 80 N.M. 482, 457 P.2d 1001 (Ct.App.1969). Nor could the finding have been successfully attacked. Neither report finds defendant to be mentally incompetent. All they state is that defendant suffered from anxiety. See

State v. Velasquez, 76 N.M. 49, 412 P.2d 4 (1966), cert. denied 385 U.S. 867, 87 S.Ct. 131, 17 L.Ed.2d 95 (1966).

The order denying relief is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.