484 P.2d 351

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Paul Harry SORIA, Defendant-Appellant.**

**No. 620.**

Court of Appeals of New Mexico.

April 9, 1971.

R. Wilson Martin, Las Cruces, for defendant-appellant.

David L. Norvell, Atty. Gen., Santa Fe, Richard J. Smith, Asst. Atty. Gen., for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Defendant pleaded guilty to the charge of burglary. Judgment and Sentence was entered on September 14, 1970 which stated that defendant was sentenced to " * * * serve a term of not less than one (1) year nor more than five (5) years." It further ordered that the sentence imposed was " * * * suspended conditioned upon the Defendant serving six (6) months in the Dona Ana County Jail." On September 18, 1970 an Amended Judgment and Sentence was entered which contained the foregoing provision and added that " * * * upon completion of the sentence imposed hereinabove, the Defendant, Paul Harry Soria, be placed on probation under the supervision and control of the New Mexico Department of Corrections, Adult Probation and Parole Division, for a period of four (4) years and six (6) months." The order further recited it was to be entered nunc pro tunc as of September 14, 1970 the date the original sentence was filed.

At the hearing on September 18, 1970 the trial court stated it had intended to

place defendant on probation but failed to do so. Defendant strongly objected stating that the court had lost jurisdiction on the grounds that by adding probation after defendant had started to serve a valid sentence, was tantamount to increasing his sentence because probation has requirements such as reporting once a month, prohibitions against drinking, etc., which would effectively enhance the punishment of the original sentence of September 14, 1970 and thus deprive defendant of a substantial portion of his liberties.

We must first decide whether the trial court could enter the Amended Judgment and Sentence nunc pro tunc. Mora v. Martinez, 80 N.M. 88, 451 P.2d 992 (1969) and State v. Hatley, 72 N.M. 377, 384 P.2d 252 (1963) have expressly defined the purposes of a nunc pro tunc order. *Mora* relying on Hatley states:

"* * * [I]n this case * * * nunc pro tunc has reference to the making of an entry now, *of something which was actually previously done*, so as to have it effective as of the earlier date. It is not to be used to supply some omitted action of the court or counsel but may be utilized to supply an omission in the record of something really done but omitted through mistake or inadvertence. * * *"

In view of the record there is no showing "of something which was actually previously done." In fact the contrary is true. The trial judge stated he "* * * overlooked placing this man on probation after he serves his term here in the county jail. * * *"

Accordingly, the Amended Judgment and Sentence could not be entered nunc pro tunc unless probation is inherent in the September 14, 1970 Judgment and Sentence. We must first decide whether probation was inherent in the September 14, 1970 Judgment and Sentence, even though there is no specific reference to probation.

The State contends that probation is automatic when one is granted a suspended sentence. This point has not been directly dealt with before in this jurisdiction al-

though related issues have been decided and both the State and defendant rely on the same cases in most instances but for different legal propositions.

The State refers us to the language in State v. Serrano, 76 N.M. 655, 417 P.2d 795 (1966) which states:

"Upon deferring or suspending sentence the court is required, in accordance with Section 40A–29–17, N.M.S.A., 1953, to place the defendant upon probation. * * *"

The State also refers us to State v. Holland, 78 N.M. 324, 431 P.2d 57 (1967) and the proposition stated therein that "probation is merely the status of one released under a suspended sentence" and to State v. Sublett, 78 N.M. 655, 436 P.2d 515 (Ct. App.1968) for the proposition that a defendant is on probation even though no express order placing defendant on probation be entered with the judgment, so that on a revocation hearing credit for time spent on probation could be deducted from the original sentence.

In *Serrano* we do not view the language quoted to stand for the proposition that probation is automatic once sentence is deferred or suspended, unless § 40A–29–17, N.M.S.A.1953 (Repl. Vol. 1964) makes it so.

In *Holland* a definition of probation in terms of a suspended sentence, by itself, does not comprehensively tell what is a suspended sentence. It only tells us what *may* follow some suspended sentences.

In *Sublett* the question was whether the trial court has authority under the probation statute to withhold credit for allowable probation time when the suspended sentence was revoked. At issue was the meaning of the revocation statute under which the suspended sentence was revoked. *Sublett* held a person whose suspended sentence was being revoked was on probation within the meaning of the probation act, but it did not hold that every person under a suspended sentence was on probation.

Section 40A–29–17, supra, of the Disposition of Offenders Article states:

"* * * When a person has been convicted of a crime for which a sentence of imprisonment is authorized, and when the district court has deferred or suspended sentence, it shall order the defendant to be placed on probation for all or some portion of the period of deferment or suspension *if* the defendant is in need of supervision, guidance or direction that is feasible for the probation service to furnish; provided, however, the total period of probation shall not exceed five [5] years." (Emphasis added).

Reading the section as a whole we think the Legislature clearly intended to give the sentencing judge authority to withhold the imposition of probation upon suspending a sentence. Probation was not "automatic" when defendant's sentence was suspended.

This is further buttressed by the permissive language of § 40A–29–18, N.M.S.A. 1953 (Repl. Vol. 1964) which states in part:

"* * * The district court shall attach to its order deferring or suspending sentence *such reasonable conditions as it may deem necessary* to insure that the defendant will observe the laws of the United States, the various states and the ordinances of any municipality. The defendant upon conviction may be required:

"* * *

"E. to be placed on probation under the supervision, guidance or direction of probation authorities for a term not to exceed that of the maximum sentence prescribed by law for the commission of the crime for which he was convicted; and

"F. to satisfy any other conditions reasonably related to his rehabilitation." (Emphasis added).

It follows that the district court, when it sentenced defendant to 6 months in the County Jail and suspended the balance of the sentence without probation, issued a valid original judgment and sentence and accordingly could not amend that judgment and sentence to add the conditions of probation, since a valid sentence may not be amended by increasing the penalty. State v. Allen, 82 N.M. 373, 482 P.2d 237, decided February 15, 1971; Williams v. State, 81 N.M. 605, 471 P.2d 175 (1970); State v. Verdugo, 79 N.M. 765, 449 P.2d 781 (1969); State v. Baros, 78 N.M. 623, 435 P.2d 1005 (1968). Adding conditions of probation would increase the penalty here. For example, the conditions of probation under the amended sentence would prohibit defendant from changing his employment, changing his residence, getting married or getting a driver's license without the probation officer's consent.

The Amended Judgment and Sentence of September is void and the district court is directed to purge it from the record and reinstate the Judgment and Sentence of September 14, 1970.

It is so ordered.

WOOD and SUTIN, JJ., concur.