502 P.2d 320

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Larry D. MARTINEZ, Defendant-Appellant.**

**No. 918.**

Court of Appeals of New Mexico.

Oct. 6, 1972.

Ramon Lopez, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Frank N. Chavez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Defendant pled guilty to two counts of forgery. Section 40A–16–9, N.M.S.A.1953 (2d Repl.Vol. 6). Sentence was deferred and defendant was placed on probation. Subsequently, after a hearing, sentence was imposed and defendant was committed to the penitentiary. The appeal challenges the validity of the sentence and commitment. There are two issues: (1) the terms of defendant's probation and (2) sufficiency of the evidence as to a violation of those terms.

*Terms of probation.*

The deferred sentence states:

" * * *

"IT IS FURTHER ORDERED AND HEREBY ORDERED by the Court that said sentence be deferred for a period of (18) months and that the defendant also be placed on probation for a period of (18) months and the defendant is to report to that office as it directs and the conditions and terms of probation are made conditions and terms of the deferred sentence.

"IT IS FURTHER ORDERED AND ADJUDGED by the Court that if any of the conditions are violated, sentence will be imposed.

"IT IS FURTHER ORDERED AND ADJUDGED by the Court that the main condition in this deferred sentence is that the defendant join the Quebrar program and make arrangements today for the Quebrar Program."

Defendant claims that no conditions of probation were attached to or incorporated in the deferred sentence; that any violation of probation conditions on his part was a violation of conditions imposed by the probation office; that conditions imposed by the probation office were without legal effect because not a part of the trial court's order deferring sentence.

█ The trial court had authority to revoke defendant's probation and impose the penitentiary sentence. Section 41–17–28.1, N.M.S.A.1953 (2d Repl.Vol. 6). To do so, a violation of probation must be established. Section 41–17–28.1, supra. In determining whether there is a violation, we look to the trial court's order. If the deferred sentence does not set out the conditions of probation, there are no conditions to be violated. State v. Baros, 78 N. M. 623, 435 P.2d 1005 (1968). Conditions may not be added by amendment subsequent to imposition of a valid original judgment. State v. Soria, 82 N.M. 509, 484 P.2d 351 (Ct.App.1971). Thus, the conditions of probation should be made

clear in the judgment. See State v. Holland, 78 N.M. 324, 431 P.2d 57 (1967).

The portion of the trial court's deferred sentence involved in defendant's alleged violation reads: " * * * defendant is to report to that [probation] office as *it* directs and the conditions and terms of probation are made conditions and terms of the deferred sentence." (Our emphasis). Under this language, the trial court made the conditions of defendant's probation those conditions imposed by the probation office. Defendant states the " * * * District Court cannot * * * order the defendant to abide by any rules or regulations which may be imposed by the probation unless those rules and regulations are incorporated in the order signed by the Court. * * *" To the extent that this contention means the probation conditions must be physically incorporated in the trial court's judgment, we disagree.

Section 40A–29–18, N.M.S.A.1953 (2d Repl.Vol. 6) states the district court " * * * shall attach to its order deferring or suspending sentence *such reasonable conditions as it may deem necessary.* * * *" (Our emphasis). This section also states, in subparagraph (E), that a defendant may be required to be placed on probation " * * * under the *supervision, guidance or direction* of probation authorities. * * *" (Our emphasis).

█ In this case, the trial judge imposed, as a condition of probation, that defendant report to the probation office as directed by the probation office and ordered " * * * that the conditions and terms of probation are made conditions and terms of the deferred sentence." No claim is made that these requirements of the trial court were unreasonable. The fact that the times when defendant was to report to the probation office, and that the terms of the probation office were not spelled out in the deferred sentence, does not show that such times and terms were not conditions of probation imposed by the trial court. We hold that the conditions of probation were sufficiently stated in the deferred

sentence to meet the requirements of State v. Baros, supra.

*Sufficiency of the evidence.*

■ The evidence is clear that defendant did not report as required by the probation office and drank alcoholic beverages at least once in violation of probation office requirements. Defendant admitted these two facts and admitted he knowingly failed to report to avoid being served with an arrest warrant.

■ The requirement is that violation of probation be established with reasonable certainty so as to satisfy the conscience of the court as to the truth of the violation. A violation of probation need not be established beyond a reasonable doubt. State v. Brusenhan, 78 N.M. 764, 438 P.2d 174 (Ct. App.1968). The evidence meets this requirement.

Affirmed.

It is so ordered.

COWAN and HERNANDEZ, JJ., concur.