548 P.2d 868

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jimmy Ray JASPER, Defendant-Appellant.**

**No. 2229.**

Court of Appeals of New Mexico.
March 30, 1976.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Donald Klein, Jr., Assistant Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Albert V. Gonzales, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant pled guilty to burglary and was given a deferred sentence. The court order imposed five conditions, one of which was that defendant serve 60 days in jail. Defendant appeals the imposition of his deferred sentence, contending that there was no breach of any condition imposed in connection with the deferred sentence.

In imposing the condition of serving 60 days in jail, the trial court permitted defendant to arrange with the sheriff a daily schedule whereby he could work outside the jail. At the time of his arrest on a drug charge, one month following imposition of the deferred sentence, the defendant was not working.

Was the violation of the work arrangement between the defendant and the sheriff a violation of the condition that defendant serve 60 days in jail? Yes.

The order deferring sentence required that defendant serve 60 days in jail. While working under a work release program he was serving his jail time. When he was not working (and it is undisputed that he was not working) he was not serving his jail time. Compare *State v. Martinez*, 84 N.M. 295, 502 P.2d 320 (Ct.App. 1972).

The judgment finding defendant in violation of the condition of the deferred sentence and imposing sentence as a consequence of the violation is affirmed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.