744 P.2d 548

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Pete PADILLA, Defendant–Appellant.**

**No. 9971.**

Court of Appeals of New Mexico.

Sept. 1, 1987.

Certiorari Denied Oct. 9, 1987.

Hal Stratton, Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Bruce Rogoff, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

GARCIA, Judge.

Defendant appeals from the trial court's revocation of his probation and suspended sentence, arguing that since he was still serving time on the underlying sentence and was not yet on probation at the time of the alleged violations, revocation of probation was improper. Our calendar notice proposed summary affirmance, and defendant filed a timely memorandum in opposition pursuant to *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct.App.1985). We now affirm the trial court.

### FACTS

Defendant was convicted of forgery and residential burglary and was sentenced to serve two concurrent sentences of three years. Two years and one day of each sentence were suspended by the trial court, and defendant was remanded to the custody of the Bernalillo County Detention Center. Defendant was to serve two years on probation following his release from custody.

Subsequent to his detention, defendant escaped from the Bernalillo County Detention Center by failing to return from work release. As a result, the state filed a motion to revoke probation and to revoke the suspended sentence. The district court granted the motion after a hearing at which defendant admitted the state's charge. Violations of the laws of New Mexico constituted one of the conditions of defendant's probation. Defendant was then resentenced to imprisonment for a term of three years on the forgery conviction and three years on the residential burglary conviction. The two sentences were to run concurrently. From that order, defendant appeals.

### DISCUSSION

This is a case of first impression in New Mexico. Defendant argues that because he was still serving time on the underlying sentence at the time he failed to return from work release, the trial court acted improperly in revoking probation and revoking the imposition of the suspended sentence. However, the overwhelming weight of authority, both from federal and other jurisdictions, supports the trial court's authority to revoke probation and suspended sentences for violations occurring prior to the commencement of the probationary period. For a general discussion, *see* Annotation, *Power of Court to Revoke Probation for Acts Committed after Imposition of Sentence but Prior to Commencement of Probation Term,* 22 A.L.R. 4th 755 (1983). Notwithstanding that defendant was still serving the period of actual incarceration at the time of the violation, trial courts in other jurisdictions have revoked probation and suspended sentences for escaping from jail. *See, e.g., State v. Sullivan,* 197 Mont. 395, 642 P.2d 1008 (1982); *State v. Holter,* 340 N.W.2d 691 (S.D.1983); *Layson v. Montgomery,* 251 Ga. 359, 306 S.E.2d 245 (1983). Such revocations are justified as inherently with-

in the authority of the sentencing court, *see, e.g., Martin v. State,* 243 So.2d 189 (Fla.Dist.Ct.App.1971), by construing the statutory sentencing authority, *Roberts v. State,* 148 Ga.App. 708, 252 S.E.2d 209 (1979), or by finding the existence of an implied condition of good behavior during the period of actual incarceration. *See, e.g., Touch v. State,* 399 So.2d 934 (Ala. Crim.App.1981); *State v. Holter. See also* Annotation, *supra.*

We find only two departures from the general rule that probation may be revoked and sentences imposed for pre-probation actions that are deemed violative of the conditions of probation. In *State v. DeAngelis,* 257 S.C. 44, 183 S.E.2d 906 (1971), the South Carolina Supreme Court found that where the defendant was allowed 120 days in which to put his business affairs in order prior to commencing his sentence, and he committed another crime during that period, the court was without authority to revoke his probation where the order was ambiguous as to whether conditions of probation were to be applied during the 120–day grace period. In the instant case, defendant does not argue that any such ambiguity existed in the judgment and sentence of the trial court. Thus, *DeAngelis* is distinguishable on the facts.

In *Bell v. State,* 656 S.W.2d 502 (Tex. App.1982), the Texas Court of Appeals held that probation could not be revoked on the basis of a probation violation occurring before defendant was placed on probation. This case, too, is easily distinguishable from the case at bar. Although the violation in this case occurred before defendant was on probation, the judgment placing him on probation had been entered before the violation occurred.

■ We hold that a defendant who commits a probation violation while still serving the custodial portion of his sentence should be treated no differently than a defendant who has served his custodial sentence but commits a violation while on probation. The suspension or deferment of a sentence is not a matter of right, but a decision reserved to the sound discretion of the sentencing court. *State v. Follis,* 81

N.M. 690, 472 P.2d 655 (Ct.App.1970). Suspension of all or part of a sentence is considered an act of clemency. *State v. Baca,* 90 N.M. 280, 562 P.2d 841 (Ct.App. 1977). The sentencing court retains jurisdiction to revoke a suspended sentence for good cause shown at any time subsequent to the entry of judgment and prior to the expiration of the sentence. *Compare State v. Baca,* 80 N.M. 527, 458 P.2d 602 (Ct.App.1969). The court's jurisdiction to revoke probation and impose sentence is not impaired by the fact that the person convicted is still serving prison or jail time and has not yet begun his probationary period.

The judgment and sentence of the district court is affirmed.

IT IS SO ORDERED.

BIVINS and FRUMAN, JJ., concur.