This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37253**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**MATTHEW SPRINGER,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William A. O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals from the district court's orders revoking his probation and deferred sentence and denying his motion to reconsider. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition and motion to amend the docketing statement, which we have duly considered. Unpersuaded, we affirm.

**{2}** In our notice of proposed disposition, we proposed to conclude the district court did not abuse its discretion in revoking Defendant's probation based on well-established

authority holding that "the imposition of sex offender supervision requirements falls within the scope of standard provisions within the judgments and sentences requiring defendants to comply with conditions specified by probation authorities." [CN 3] *See State v. Green*, 2015-NMCA-007, ¶¶ 10-14, 341 P.3d 10; *State v. Leon*, 2013-NMCA-011, ¶ 24, 292 P.3d 493. We also proposed to conclude that there was a probation order entered, contrary to Defendant's assertion in his docketing statement, and that there was sufficient evidence to establish that Defendant had violated the terms of his probation. [CN 4] Defendant has included no argument in his memorandum in opposition refuting our proposed conclusions regarding whether a probation order was entered and whether evidence was sufficient to establish that he violated the terms of his probation, so we deem those issues abandoned and conclude that the district court did not err on those grounds. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

**{3}** Defendant continues to argue in his memorandum in opposition that the district court erred in denying his motion to dismiss probation violation and motion to reconsider because the probation officer did not have the authority to impose the sex offender behavioral contract since the district court "failed to hold a proper sentencing hearing under NMSA 1978, Section 31-20-5.2 [(2003)]," thereby depriving Defendant due process of law. [MIO 1] Defendant specifically argues that the district court failed to follow the required procedures in imposing his sentence because the district court "did not itself decide" that the conditions in Defendant's sex offender contract should be imposed [MIO 7], and instead the terms of the behavior contract were determined by Defendant's probation officer without a hearing. [MIO 3] Defendant cites New Mexico cases where the lower courts were reversed and remanded "because of the trial court's failure to follow required procedures when it imposed sentence." [MIO 8] However, the cases cited by Defendant are inapposite because none of them involve probation revocation due to a violation of a behavior contract. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("[I]n summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{4}** Moreover, as we explained in our calendar notice, it is well settled that the imposition of sex offender supervision requirements falls within the scope of standard provisions within the judgments and sentences requiring defendants to comply with conditions specified by probation authorities. [CN 3] *See Green*, 2015-NMCA-007, ¶¶ 10-14 (rejecting the defendant's challenge to the authority of the department of corrections and determining that "[t]he behavioral contract [the d]efendant was required to sign upon his release from prison and commencement of probation was a proper exercise of probationary authority pursuant to the judgment and sentence that followed and was based upon the plea agreement [the d]efendant also signed"); *Leon*, 2013-NMCA-011, ¶¶ 24, 26 (holding that a district court's enumeration of a special probationary condition requiring the defendant to comply with reasonable conditions set by the probation and parole division was sufficient to support the placement of a

defendant on sex offender supervision; stating that the "conditions of probation were sufficiently stated in the order" because "the language of the district court's order incorporated any reasonable conditions as specified by the probation office"; and noting that the fact that "the terms and conditions set by the probation office were not spelled out in the order itself did not establish that those terms and conditions were not imposed by the court"). We therefore conclude that Defendant has failed to show that the district court erred or deprived Defendant of due process by denying his motion to dismiss probation violation and motion to reconsider. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court); *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the trial court erred).

{5}     Defendant additionally seeks to raise a new argument by virtue of his motion to amend, that the probation officer did not have authority to implement the restrictions under the sex offender behavior contract because the district court "was forbidden by the separation of powers doctrine to delegate . . . the authority to an officer of the executive branch of government." [MIO 1] In order for this Court to grant a motion to amend the docketing statement, the movant must meet certain criteria that establishes good cause for our allowance of such amendment. *See State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309.

> The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are that (1) the motion be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable.

*Moore*, 1989-NMCA-073, ¶ 42.

{6}     Defendant argues that, "[w]hile the power to *authorize* criminal sentences lies with the Legislature, the power to *impose* them is a judicial power," and "the probation officer's determination of [Defendant's] conditions of probation in an extra-judicial setting violated his right to a judicial determination of the nature and extent of his punishment." [MIO 10, 11] Defendant also argues that the district court "cannot delegate its authority to perform 'a purely judicial function.' " [MIO 11] Defendant concedes that his separation of powers argument was not preserved below [MIO 12], and argues that he "suffered prejudice to the liberty interests protected by Section 31-20-5.2 and by the State and Federal Constitutions when the [d]istrict [c]ourt ruled that an illegal portion of his sentence could be used as a basis to revoke his probation," thereby "implicat[ing] a fundamental unfairness within the system." [MIO 12-13] We therefore evaluate the issue for fundamental error. *See State v. Cunningham*, 2000-NMSC-009, ¶ 21, 128 N.M. 711, 998 P.2d 176 ("Parties alleging fundamental error must demonstrate the existence of

circumstances that 'shock the conscience' or implicate a fundamental unfairness within the system that would undermine judicial integrity if left unchecked.").

**{7}**     Defendant cites New Mexico authority and cases from other jurisdictions to support his argument that the separation of powers doctrine was violated in this case. [MIO 10-12] The cases cited by Defendant assert general statements of law regarding separation of powers, with which we do not disagree; however, they do not require reversal in the present case. Here, the district court imposed a sentence upon Defendant, and then delegated the specification of the terms of Defendant's probation to the probation officer. [MIO 3] The probation officer did not "impose" a criminal sentence upon Defendant, as argued in Defendant's MIO. [MIO 10] Indeed, the fact that "the terms and conditions set by the probation officer were not spelled out in the order itself did not establish that those terms and conditions were not imposed by the court." *Green*, 2015-NMCA-007, ¶ 12 (citing *Leon*, 2013-NMCA-011, ¶ 26); *see State v. Martinez*, 1972-NMCA-135, ¶ 7, 84 N.M. 295, 502 P.2d 320 (stating that the fact that the defendant's probation terms "were not spelled out in the deferred sentence, does not show that such times and terms were not conditions of probation imposed by the trial court"). Although Defendant has cited other authority for this Court's consideration, we decline to look for guidance from non-authoritative case law when New Mexico authority squarely answers the question presented. *See Wills v. Bd. of Regents of Univ. of N.M.*, 2015-NMCA-105, ¶ 19, 357 P.3d 453 ("When New Mexico cases do not directly answer the question presented, we look for guidance in analogous law in other states or the federal system." (internal quotation marks and citation omitted)).

**{8}**     Defendant nonetheless argues that the separation of powers doctrine requires that *Green* and *Leon* be overruled according to the analysis set forth in *State v. Montoya*, 2013-NMSC-020, ¶ 40, 306 P.3d 426 ("When deciding whether to overrule our own precedents, this Court considers such common-sense factors as whether the precedent is a remnant of abandoned doctrine, whether the precedent has proved unworkable, whether changing circumstances have deprived the precedent of its original justification, and the extent to which parties relying on precedent would suffer hardship from its overruling." (internal quotation marks and citation omitted)), and that *Green* and *Leon* are inconsistent with New Mexico case law and cases from other jurisdictions regarding the delegation of judicial authority, rendering them "unworkable and confusing as precedent" because they permit an unlawful delegation of power to the executive branch. [MIO 9-10] However, we reiterate that it is well settled that "probationary discretion . . . extends from the district court to probation authorities," as long as it is explicitly stated in the district court's order. *See Green*, 2015-NMCA-007, ¶ 14. As the district court's order in the present case expressly established probationary discretion with the probation authorities, Defendant has not convincingly demonstrated that his case requires a conclusion that *Green* and *Leon* are wrong or that they must be overruled. *See Montoya*, 2013-NMSC-020, ¶ 40. Consequently, we conclude that Defendant has not shown that a separation of powers violation exists or that it was fundamental error for the probation officer to set forth the terms of Defendant's probation through his behavior contract. *See Aragon*, 1999-NMCA-060, ¶ 10. We therefore conclude that the issue sought to be raised pursuant to Defendant's motion to

amend is not viable, and the motion is denied. *See Cunningham*, 2000-NMSC-009, ¶ 21; *Moore*, 1989-NMCA-073, ¶¶ 36-51.

**{9}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{10} IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JACQUELINE R. MEDINA, Judge**