This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39073**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MIGUELITO DURAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Thomas E. Lilley, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Carrie Cochran, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals the imposition of sex offender supervision as a term of his probation a little more than three months after he began serving his term of probation. [MIO 1] This Court issued a notice of proposed summary disposition proposing to affirm. Defendant has filed a memorandum in opposition to that disposition that includes a motion to amend the docketing statement. [Id. i-ii] Having duly considered Defendant's memorandum and motion, we remain unpersuaded, deny the motion seeking amendment as nonviable, and affirm the terms of probation.

**{2}** This Court's notice pointed out that the probation and parole office had authority to impose sex offender conditions in the original sentence, meaning that the district court's actions in this case did not substantively alter those conditions. [CN 3] Defendant's memorandum in opposition to that notice continues to assert that the district court's modification of his sentence was without jurisdiction or without sufficient justification or was an abuse of discretion while simultaneously seeking to amend the docketing statement in order to assert that the modification was a due process violation. [MIO 2, 6, 8] That memorandum, however, does not respond to our suggestion that the probation authority was authorized to impose sex offender conditions under the original sentence. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (noting that "in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law"); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (noting that repetition of earlier arguments does not satisfy a party's appellate burden), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}** Defendant does assert that, rather than simply impose sex offender supervision, the probation and parole office "inquired as to whether the district court *wanted* [him] on sex offender supervision." [MIO 5] That assertion does not, however, address the explicit condition of his original sentence requiring him to "comply with all rules, regulations and orders of the [p]robation/[p]arole [o]fficer." [RP 141] Similarly, the fact that Defendant's probation officer requested a status hearing to inquire whether the district court "would want [him] on sex offender supervision" [RP 155] does not negate established case law holding that conditions requiring compliance with conditions specified by the probation authority are sufficient to authorize the imposition of sex offender supervision. *See State v. Green*, 2015-NMCA-007, ¶ 14, 341 P.3d 10 (finding that sex offender supervision was a proper exercise of authority pursuant to a sentence requiring compliance with probation rules regulations and orders); *State v. Leon*, 2013-NMCA-011, ¶ 24, 292 P.3d 493 (same).

**{4}** Similarly, Defendant asserts that he "had an expectation of finality in an ordinary supervised probation sentence[.]" [MIO 5] Given the case law just cited, however, Defendant's reasonable expectations with regard to both his sentence and plea agreement cannot have excluded the possibility that the probation authority would require that he comply with rules, regulations and orders determined by a probation officer. *See Green*, 2015-NMCA-007, ¶ 14; *Leon*, 2013-NMCA-011, ¶ 24; *see also State v. Martinez*, 1972-NMCA-135, ¶ 5, 84 N.M. 295, 502 P.2d 320 (holding that similar language "made the conditions of [a] defendant's probation those conditions imposed by the probation office"). [RP 141] We conclude that the probation and parole office was authorized by defendant's original sentence to require compliance with sex offender supervision. As such, the district court's subsequent response to an inquiry regarding whether it "wanted" him on sex offender probation did not amount to a modification of his original sentence.

**{5}** Accordingly, we deny Defendant's motion to amend his docketing statement to assert a due process violation based upon a purported enhancement of his sentence,

*see State v. Moore*, 1989-NMCA-073, ¶ 45, 109 N.M. 119, 782 P.2d 91 (noting that this Court denies amendment seeking to assert issues that are not viable), *superseded by rule on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M.537, 817 P.2d 730, and affirm the order on appeal.

{6}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**