This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42383**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ORON DEVONTE NEWSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa Hart, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's revocation of his probation and its subsequent denial of his motion for a reduction of his sentence pursuant to Rule 5-801 NMRA. [RP 112-13, 117-19] We review a district court's denial to modify a sentence under Rule 5-801 for an abuse of discretion. *See State v. Jenkins*, 2024-NMCA-019, ¶ 27, 542 P.3d 835. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize [the ruling] as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citations omitted).

**{3}** According to the brief in chief, Defendant's charges stem from two separate incidents that occurred in 2022. [BIC 2] In the first incident, Defendant was charged with aggravated burglary (deadly weapon) and aggravated assault (deadly weapon) after an altercation with another resident at the apartment complex where he lived. [BIC 2] In the second incident, Defendant was charged with aggravated assault (deadly weapon) and aggravated assault on a police officer (deadly weapon) after another altercation with a different resident at the same apartment complex that resulted in an hours-long standoff with law enforcement and Defendant's hospitalization. [BIC 2-3] The State sought a firearm enhancement on each charge. [BIC 2]

**{4}** After his release from the hospital, Defendant was placed on pretrial release, which included a zero tolerance for drugs and alcohol. [BIC 3] While on pretrial release, several noncompliance reports were submitted stating that Defendant had tested positive for alcohol or that Defendant had failed to timely submit samples as he was required to do. [BIC 3] Subsequently, Defendant entered into a global plea, resolving both criminal cases. [BIC 3] As part of the plea agreement, the State dismissed the aggravated burglary charge and the firearm enhancements on both of the aggravated assault charges. [BIC 3] In addition, the parties agreed to a sentence ranging from zero to six years for a total jurisdiction of nine years. [BIC 4] The district court suspended all but the 317 days during which Defendant was hospitalized and ordered that he would be on supervised probation for five years and with zero tolerance for any alcohol violation. [BIC 5]

**{5}** Approximately one month after sentencing, Defendant's probation officer filed a probation violation report stating that Defendant had tested positive for cocaine and alcohol during his intake process, had lied about consuming alcohol, and at a later visit, admitted he would test positive for alcohol. [BIC 5] The State filed a motion to revoke probation, and at the arraignment, Defendant "admitted to the positive tests, waived a full evidentiary hearing, and asked to present argument as to the sanction." [BIC 6] Defendant requested that the district court give him "another opportunity to be on probation" and explained the various ways in which he had been trying to turn "his entire life around." [BIC 6] At a subsequent hearing, Defendant's probation officer testified about Defendant's alcohol use and recommended that the remainder of his sentence be imposed. [BIC 7]

**{6}** After the hearing, the district court imposed a five-year sentence in the department of corrections, and suspended the remainder with a zero-tolerance condition for alcohol. [BIC 8] Defendant then filed a motion to reduce his sentence pursuant to Rule 5-801, asking that the district court reduce his sentence by imposing another probationary term so that he could address his alcohol problem at a treatment facility. [BIC 9] The district court held a hearing and denied Defendant's motion, reiterating that it was concerned with Defendant's actions, especially his drinking. [BIC 9] Defendant appeals.

**{7}** Defendant argues that the district court abused its discretion by denying his motion for a reduction in his sentence and not giving him another opportunity on probation. [BIC 10-12] Based on the evidence presented, we conclude that the district court did not abuse its discretion. First, in its motion to revoke probation, the State argued "for a full imposition of the underlying suspended sentence, which would be a bit over [eight] years[.]" [BIC 6] However, in reimposing Defendant's sentence, the district court imposed only five years at the department of corrections, with the remaining time suspended. [BIC 8] Because the decision to reduce a sentence is a matter within the sound discretion of the district court, and there are no legal defects here, we defer to the district court's discretion. *See State v. Follis*, 1970-NMCA-083, ¶ 8, 81 N.M. 690, 472 P.2d 655 ("The suspension or deferment of a sentence is not a matter of right but is an act of clemency within the [district] court's discretion."); *see also State v. Augustus*, 1981-NMCA-118, ¶ 7, 97 N.M. 100, 637 P.2d 50 (explaining that, "there being no claim that the sentence was not in accordance with law, the trial court did not abuse its discretion in imposing a lawful sentence upon [the] defendant"). Second, although it appears that Defendant was willing to enroll in treatment programs to address his alcohol problem and take other actions to turn "his entire life around," he has not demonstrated that these facts support his proposition that the district court abused its discretion by denying his motion for a reduction in his sentence, especially in light of repeated violations involving alcohol. *See Follis*, 1970-NMCA-083, ¶ 8.

**{8}** For the foregoing reasons, we affirm the district court's order revoking Defendant's probation and its denial of his motion to reduce his sentence.

**{9}** **IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**GERALD E. BACA, Judge**