This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court and does not include the filing date.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: April 15, 2013**

**STATE OF NEW MEXICO,**

Plaintiff-Petitioner,

v.                                              **NO. 33,376**

**SARA GONZALES,**

Defendant-Respondent.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Neil C. Candelaria, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Santa Fe, NM

for Petitioner

Law Works, LLC
John A. McCall
Albuquerque, NM

for Respondent

**DECISION**

**VIGIL, Justice.**

**{1}** We granted certiorari to review the Court of Appeals' opinion in this case. After reviewing the record, the parties' briefs, and hearing oral argument, we issued an order quashing the writ of certiorari. However, we find the procedural history of this case and a related case troubling and are compelled to write a decision to explain why we quashed certiorari and to caution appellate practitioners that adverse consequences can result when the Rules of Appellate Procedure are not followed.

**{2}** In this case and a related case, the Second Judicial District Attorney's Office ("District Attorney") violated Rule 12-208 NMRA, which addresses the requirements for docketing an appeal. The violation ultimately wasted the time of the appellate courts and the parties and, perhaps most troubling, precipitated the issuance of contradictory opinions by the Court of Appeals on related appeals not only involving the identical issue, but involving the same ruling by the same judge regarding the legal sufficiency of the same search warrant.

**{3}** We require that all appellate practitioners comply with the Rules of Appellate Procedure so that unnecessary procedural conflicts do not arise that prevent the effective and efficient administration of justice. In order to fully grasp the impact of this rule violation, a brief background of this case and the related case is necessary.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

{4}    On March 5, 2009, the State filed indictments in the Second Judicial District Court against Raymundo Maso ("Maso") and Sara Gonzales ("Gonzales"), charging each with drug related offenses after a search warrant authorizing a search of their shared apartment revealed incriminating evidence against them.  The State filed a Statement of Joinder and the cases were joined.  Maso filed a motion to suppress the evidence, which Gonzales joined.  On August 14, 2009, the district court issued an order granting the suppression of evidence motion, concluding the search warrant was invalid because it "did not include sufficient specific facts to establish probable cause for the issuance of a search warrant" under either the United States or New Mexico Constitution.

{5}    On August 21, 2009, the State then separately appealed this suppression order to the New Mexico Court of Appeals for each defendant. The Court of Appeals decided the appeal involving Maso on its summary calendar, and in a memorandum opinion by Judge Wechsler, the Court reversed the suppression order and remanded to the district court for further proceedings.  *See State v. Maso*, No. 29,842, slip op. (N.M. Ct. App. April 14, 2010) (non-precedential), *cert. denied*, S. Ct. No. 32,398 (August 25, 2010).  Maso petitioned for a writ of certiorari, which this Court denied

on August 25, 2010. Conversely, the State's appeal in this case was assigned to the Court of Appeals' general calendar, and in a memorandum opinion by Judge Kennedy, the Court affirmed the same suppression order, with Judge Garcia concurring and Judge Wechsler dissenting. *See State v. Gonzales*, No. 29,843, slip op. (N.M. Ct. App. December 9, 2011) (non-precedential), *cert. granted*, S. Ct. No. 33,376 (February 16, 2012). The State successfully petitioned this Court for a writ of certiorari in this case, primarily on the ground that the Court of Appeals had issued diametrically opposite rulings upholding the search warrant in *Maso* and holding it unlawful in this case.

{6}     We ultimately agreed with the reasoning and conclusion of the Court of Appeals in this case and, therefore, quashed the writ of certiorari. Although the quashing of our writ in this case may appear to leave a decision in place that would allow Maso to be prosecuted with evidence that was suppressed as to Gonzales – despite no appreciable difference in their situations – we hasten to add that after the Court of Appeals issued *Gonzales*, the State dismissed the charges against both Gonzales and Maso, even though it could have proceeded in its case against Maso. As such, any continuing concern about the inconsistent application of the law for these two co-defendants has been alleviated. Nonetheless, we are concerned by the fact that

4

the Attorney General was apparently unaware that the District Attorney had filed a nolle prosequi in this case, as it did not disclose to this Court–either in its petition for writ of certiorari, its briefs or in its oral argument–that a nolle prosequi had been filed in this case.  Although this nolle prosequi does not strip this Court of its jurisdiction, it is nonetheless essential information regarding the procedural history of this case since it stripped the district court of its jurisdiction in this case.  However, while it is important that this Court be made aware of essential pieces of information such as this, the Discussion in this Decision focuses on the more serious rule violation the District Attorney committed in these cases and explains the impact of the violation.

## II.   DISCUSSION

{7}      The inconsistent Court of Appeals memorandum opinions at issue stemmed from the District Attorney's failure to comply with Rule 12-208, which addresses the requirements for docketing an appeal.  Specifically, Paragraph D of Rule 12-208 dictates that "[a] docketing statement shall contain . . . a reference to all related or prior appeals."  Rule 12-208(D)(7).  However, the District Attorney filed *Gonzales* and *Maso* in the Court of Appeals on the same day within one minute of each other without any reference in either docketing statement alerting the Court of Appeals that the appeals were related.  In fact, both docketing statements specifically include the

5

statement, "There are no related or prior appeals."

{8} As a consequence, the Court of Appeals was not informed in a timely manner that it had two related appeals raising the same issue resulting from the same suppression ruling. In fact, when the Attorney General's Office finally notified the Court of Appeals that it was responsible for related cases, it was too late to join them, as the Court had already issued its memorandum opinion in *Maso*. Thus, the only way to avoid the issuance of a contradictory opinion at that point was if the second panel, after hearing different arguments made by a different defendant, agreed with the reasoning and conclusion of the first panel regarding whether to uphold the suppression order, which it obviously did not. We recognize that by the time the Court of Appeals issued its opinion in *Gonzales* it was well aware of its contrary decision in *Maso*. Nonetheless, the dilemma was created by the failings of the District Attorney, and we do not fault the Court of Appeals for taking a different approach after considering the additional arguments raised by a new defendant and concluding that a different result was warranted. The conflict in the Court of Appeals' memorandum opinions was a matter for this Court to address when it granted certiorari.

{9} But we cannot emphasize enough that if the District Attorney had complied

6

with Rule 12-208(D)(7), the cases could have been joined in the Court of Appeals, foreclosing the possibility of an inconsistent result for each defendant and saving a great deal of time for all concerned. Proper disclosure by the District Attorney of the related appeals in the docketing statements would have alerted the Court of Appeals, early on, of the need to assign the cases to the same calendar and would have likely eliminated the confusion that resulted from the assignment of the related cases to different calendars.

{10}  Likewise, by notifying the Court of Appeals of the related appeals in the docketing statements, the cases could have been assigned to one panel. If the cases had been heard and decided together, a single panel could have resolved any conflicting views about how to apply the law in a single memorandum opinion with the benefit of the arguments from all parties at one time. At the very least, the Court of Appeals could have delayed a decision in *Maso* until the Court could hear the appeal in *Gonzales*. But due to the District Attorney's failure to comply with Rule 12-208(D)(7), procedural confusion resulted in the issuance of inconsistent opinions by the Court of Appeals.

{11}  We were then faced with having to address the contradictory Court of Appeals opinions. The State suggests that the conflict could be resolved simply by reversing

*Gonzales*. However, as noted above, we agree with the Court of Appeals' reasoning and conclusion in *Gonzales* and disagree with the State's assertion that the second Court of Appeals panel was bound to decide *Gonzales* as the first panel decided *Maso*. Thus, after a thorough review of the procedural quagmire and careful consideration of the basis for the *Gonzales* opinion issued by the Court of Appeals, we decided that the writ of certiorari was improvidently issued in this case and should be quashed. However, we remain deeply concerned by the fact that the State's fundamental basis for this appeal was the inconsistent rulings by the Court of Appeals, which would not have occurred had the District Attorney complied with Rule 12-208(D)(7).

{12}    Rule 12-208 was enacted to eliminate the difficulty that occurred with the inconsistent rulings in these related appeals. The situation that arose as a result of the rule violation demonstrates that each and every rule has a purpose and consequences can be severe if mandatory rules are not followed. With that in mind, this decision serves to remind all appellate practitioners, and especially district attorneys, of something each of us already knows but that bears repeating. We require that all lawyers docketing an appeal comply with Rule 12-208 (and all other Rules of Appellate Procedure for that matter). Failure to do so is no small matter, which these related appeals so clearly demonstrate.

## III. CONCLUSION

{13} Because we ultimately considered the legal analysis and conclusion of the Court of Appeals with regard to the Fourth Amendment search and seizure issue raised in this appeal to be proper, we quashed the writ of certiorari. We did so amidst our serious concerns about the procedural hornet's nest and unwarranted inconsistencies in opinions that would have been easily avoided had the District Attorney complied with the Rules of Appellate Procedure.

{14} **IT IS SO ORDERED.**

_____
**BARBARA J. VIGIL, Justice**

**WE CONCUR:**

_____
**PETRA JIMENEZ MAES, Chief Justice**

_____
**RICHARD C. BOSSON, Justice**

_____
**EDWARD L. CHÁVEZ, Justice**

_____
**CHARLES W. DANIELS, Justice**