STATE V. GRIEGO

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**RICHARD S. GRIEGO,**
**Defendant-Appellant.**

Docket No. A-1-CA-37273
COURT OF APPEALS OF NEW MEXICO
March 13, 2019

APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY, Louis P. McDonald, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellee

Bennett J. Baur, Chief Public Defender, Santa Fe, NM, L. Helen Bennett, P.C., L. Helen Bennett, Albuquerque, NM, for Appellant

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: J. MILES HANISEE, Judge, JENNIFER L. ATTREP, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant appeals the district court's order revoking his probation. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our original proposed disposition was incorrect, and we therefore affirm the district court.

**DISCUSSION**

**{2}** Defendant continues to argue that the district court erred in ruling that there was no violation of Rule 5-805(H) NMRA when the State failed to timely hold the adjudicatory hearing. [MIO 1-3]

**{3}** As previously described in our notice of proposed disposition, the procedural history relevant to this issue is as follows. On May 5, 2017, the State filed a second motion to revoke Defendant's probation, alleging that Defendant violated his probation by participating in an armed robbery and by failing to report this arrest to his probation officer within forty-eight hours. [RP 162-164] On May 30, 2017, Defendant was arraigned on these alleged probation violations, and was ordered held without bond. [RP 187] However, the hearing on the motion to revoke probation was not held until September 6, 2017. [RP 192] Defendant moved to dismiss on the basis that the time to commence the hearing prescribed by Rule 5-805(H) had passed, and the State had not sought an extension of time. [DS 2-3] *See id.* ("If the probationer is in custody and an adjudicatory hearing is not timely commenced as required by this paragraph, upon its own motion or upon presentation of a release order without a hearing required, the court shall order the probationer immediately released back to probation supervision pending final adjudication. The adjudicatory hearing shall commence no later than sixty (60) days after the initial hearing is conducted."); Rule 5-805(K) ("Extensions of time for commencement of a hearing on a motion to revoke probation may be granted in the court's discretion upon the request of any party.").

**{4}** We understand Defendant to continue to argue that Rule 5-805(H) required the district court to dismiss the petition. We first note, however, that nothing in the text of Rule 5-805(H) speaks to dismissal of a petition to revoke probation. Rather, this section of the rule provides that, when the adjudicatory hearing is not timely commenced and the probationer is in custody, "the court shall order the probationer immediately released back to probation supervision *pending final adjudication.*" *Id.* (emphasis added). Moreover, Rule 5-805(L) provides that "[i]n addition to any release of the probationer that may be required by Paragraphs G or H of this rule, the court *may* dismiss the motion to revoke probation for violating any of the time limits in this rule." (Emphasis added.) Dismissal of the motion to revoke probation for failure to commence the adjudicatory hearing within sixty days is therefore discretionary with the district court, and nothing in the record before this Court suggests that the district court abused its discretion in declining to dismiss the motion to revoke probation. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the trial court's rulings and the burden is on the appellant to demonstrate trial court error).

**{5}** Defendant contends that this Court's reliance on Rule 5-805(L) for the proposition that dismissal is discretionary "impermissibly modifies the rule by reference to another provision of the rule that is not implicated and is therefore inapplicable." [MIO 2] However, as cited above, Rule 5-805(L) specifically refers to "any release of the probationer that may be required by Paragraphs G or H," and then states that the

district court may also dismiss the petition for a violation of any of the time limits contained in Rule 5-805. Therefore, we reject Defendant's argument that Rule 5-805(L) is inapplicable to circumstances in which the adjudicatory hearing is not timely commenced.

**{6}** Defendant next argues that the district court erred in taking judicial notice of the indictment from Odyssey, as no certified copy was introduced into evidence. [MIO 3] Defendant argues specifically that, although the rules of evidence do not apply to probation revocation hearings, the district court nonetheless errs when it relies on unauthenticated evidence to make up for deficiencies in the State's proof or to buttress the State's evidence. [MIO 3]

**{7}** For the reasons set out in our notice of proposed summary disposition, we continue to believe that Defendant has not shown that the district court erred in taking judicial notice of the copy of the indictment. We also note that the State presented witnesses and evidence other than the copy of the indictment at the probation revocation hearing, and that evidence was sufficient to establish all the alleged violations to a reasonable certainty. *See State v. Guthrie*, 2011-NMSC-014, ¶ 36, 150 N.M. 84, 257 P.3d 904 (recognizing that the accusation that a "probationer has committed another crime must be tested in the crucible of cross examination"). Therefore, even if there were error in the district court taking judicial notice of the indictment, we perceive no prejudice to Defendant. *See State v. Fernandez*, 1994-NMCA-056, ¶ 13, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error.").

**{8}** Defendant next argues that the detention center's failure to provide a way for him to promptly notify his probation officer of his arrest must be reviewed for fundamental error. [MIO 3-4] However, nothing in the record before this Court establishes that the detention center failed to provide Defendant with a means for contacting his probation officer. Defendant initially raised this issue as an argument that the State failed to meet its burden of proof to establish a willful violation by presenting affirmative evidence that he had an opportunity to call the probation department or had access to a telephone after his arrest. [DS 5] *See State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493 ("In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty."). As we explained in the notice of proposed disposition, Defendant's probation officer testified at the revocation hearing that Defendant did not report his arrest as required by the terms of his probation agreement. [DS 3] This was sufficient to raise an inference that Defendant violated his probation willfully, and Defendant then had the burden to show that his failure to do so was not willful. *See id.* (stating that once the state establishes to a reasonable certainty that the defendant violated probation, a reasonable inference arises that the defendant did so willfully, and it is then the defendant's burden to show that failure to comply was either not willful or that he or she had a lawful excuse); *see also State v. Parsons*, 1986-NMCA-027, ¶ 25, 104 N.M. 123, 717 P.2d 99 (noting that it was the state's burden to prove that the defendant violated probation by not paying probation fees and costs, and once the State did so, it was the defendant's responsibility to demonstrate that non-

compliance was not willful). Defendant failed to present such evidence. However, there was no evidence presented that the detention center did not provide Defendant with access to a way to communicate with his probation officer, and this Court therefore rejects this argument.

**{9}** As to Defendant's remaining issues, Defendant generally argues that our initial proposed disposition was incorrect. For the reasons stated in our proposed notice, we affirm on those issues as well.

**CONCLUSION**

**{10}** For these reasons, we affirm the district court's order revoking Defendant's probation.

**{11}  IT IS SO ORDERED**.

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JENNIFER L. ATTREP, Judge**