STATE OF NORTH CAROLINA v. MICHAEL BRYANT

No. 843SC552

(Filed 19 March 1985)

**Criminal Law § 143.7— probation revocation—willfulness and lack of lawful excuse**

    If a defendant in a criminal proceeding to revoke probation fails to offer evidence of his inability to comply with the probationary terms, evidence establishing his noncompliance is sufficient to justify a finding that the failure was willful and without lawful excuse.

APPEAL by defendant from *Strickland, Judge.* Order entered 27 February 1984 in Superior Court, CRAVEN County. Heard in the Court of Appeals 7 February 1985.

Defendant appeals from an order revoking probation. He was placed on probation on 27 May 1981 after pleading guilty to possessing marijuana with intent to sell and deliver, in violation of G.S. 90-95. One condition of his probation was that he pay $25 a month, later reduced to $15, on the fine, court costs, restitution and probation supervision fee. Defendant has made few of the payments ordered and has been cited for violating the probationary terms on four previous occasions. At the hearing on this latest citation defendant presented no evidence and defendant's probation officer, Douglas Loftin, was the only witness. On direct examination he testified that defendant was roughly $300 in arrears, and he knew only of two brief jobs that defendant had had during the three years or so involved; and on cross-examination he testified that he had no knowledge of defendant being offered any jobs and refusing them, and that "there is some problem finding jobs" in the area where defendant lived.

The court found that defendant's failure to make the payments ordered was wilful and without lawful justification or excuse, and invoked the active sentence previously imposed.

*Attorney General Edmisten, by Special Deputy Attorney General H. A. Cole, Jr., for the State.*

*John H. Harmon for defendant appellant.*

PHILLIPS, Judge.

The only question presented by this appeal is whether the order revoking defendant's probation has the evidentiary support that the law requires. Relying upon the paucity of the State's evidence, which established only defendant's failure to make the payments ordered, defendant contends that the order is without support since the evidence does not show that he was able to make the payments. If this was a civil case and defendant had been found in civil contempt for not making the payments ordered, his point would be well taken. *Brower v. Brower,* 70 N.C. App. 131, 318 S.E. 2d 542 (1984). But in a criminal proceeding to revoke probation if a defendant fails to offer evidence of his inability to comply with the probationary terms, evidence establishing his non-compliance is sufficient to justify a finding that the failure was wilful or without lawful excuse. *State v. Young,* 21 N.C. App. 316, 204 S.E. 2d 185 (1974).

Affirmed.

Judges WEBB and MARTIN concur.