This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                  **NO. 35,727**

**DONOVAN FREDERICKSON,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela J. Jewell, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}    Defendant appeals from the district court's second order revoking his probation

and committing him to the Department of Corrections. This Court issued a notice of proposed disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2} Defendant asserts that the district court abused its discretion in revoking his probation where insufficient evidence existed to support a violation. *State v. Martinez*, 1989-NMCA-036, ¶ 5, 108 N.M. 604, 775 P.2d 1321 ("We review the trial court's decision to revoke probation under an abuse of discretion standard."). In this Court's calendar notice, we proposed to conclude that there was sufficient evidence to establish to a reasonable certainty that Defendant violated his probation by violating state law by failing to maintain a traffic lane and driving without a valid driver's license and by failing to seek, obtain, and maintain employment. [CN 3-4]

{3} In response to this Court's notice of proposed disposition, Defendant continues to assert that the State failed to establish Defendant's violations to a reasonable certainty. [MIO 1, 4] With respect to the driving without a valid driver's license charge, Defendant contends that his "inability to show his license to the officer cannot be equated with not having a valid driver's license." [MIO 5] Further, Defendant argues that "the State produced no testimony that [Defendant] did not actually have a valid driver's license" and, therefore, he was not shown to be non-compliant with his probation. [MIO 5] Notably, this argument disregards New Mexico State Police Lieutenant Henderson's testimony that he pulled Defendant over on March 16, 2016,

2

for crossing the lane line several times and that Defendant was unable to produce a valid driver's license at that time. [CN 3] The plain language of NMSA 1978, Section 66-5-2(C) (2013), is clear in that a "person charged with violating the provisions of this section shall not be convicted if the person produces, in court, a driver's license issued to the person that was valid at the time of the person's arrest." Here, there is nothing in the record, the docketing statement, or the memorandum in opposition to indicate that Defendant produced a valid driver's license during his probation revocation hearing. Consequently, we are not convinced by Defendant's argument, and we conclude that the State introduced proof—through Lieutenant Henderson's testimony—that would incline "a reasonable and impartial mind to the belief that a defendant has violated the terms of probation." *Martinez*, 1989-NMCA-036, ¶ 4.

{4}      Defendant next appears to argue in his memorandum in opposition that even if a violation was proven, the State did not demonstrate that his violation was willful. [MIO 5-6] Specifically, Defendant asserts that "if violation of probation is not willful . . . probation may not be revoked." [MIO 4 (quoting *In re Bruno R.*, 2003-NMCA-057, ¶ 13, 133 N.M. 566, 66 P.3d 339)] We acknowledge that willful conduct is a requisite. However, as we have previously stated, "[o]nce the [S]tate offers proof of a breach of a material condition of probation, [D]efendant must come forward with evidence [to show that his non-compliance] was not willful." *State v. Parsons*, 1986-NMCA-027, ¶ 25, 104 N.M. 123, 717 P.2d 99; *see also Martinez*, 1989-NMCA-036,

3

¶ 8 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control). "[I]f [D]efendant fails to carry his burden, then the trial court is within its discretion in revoking [Defendant's probation]." *Martinez*, 1989-NMCA-036, ¶ 8. In the present case, there is no indication that Defendant came forward with evidence to show that his non-compliance—driving without a valid driver's license—was somehow not willful. Therefore, we conclude that Defendant did not carry his burden, and the district court was within its discretion in revoking his probation.

{5}     Thus, for the reasons stated above and in this Court's notice of proposed disposition, we conclude that there was sufficient evidence to support the district court's determination that Defendant violated his probation agreement. Given that, as Defendant acknowledges [MIO 6], this Court may affirm the revocation if there is sufficient evidence supporting just one violation, *see State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493, we do not address Defendant's violations of his probation for failing to maintain a traffic lane and for failing to seek, obtain, and maintain employment. Accordingly, we affirm the revocation of Defendant's probation.

{6}     **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Judge**

4

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**STEPHEN G. FRENCH, Judge**