This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 36,043**

**ADRIAN TRUJILLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis P. McDonald, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant appeals from the district court's order revoking his probation, committing him to the Department of Corrections, and unsatisfactorily discharging

him from probation. This Court issued a notice of proposed disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2}     Defendant's singular challenge on appeal is whether the State sufficiently proved that he violated the conditions of his probation. [DS 2] In our calendar notice, we recognized that in a probation revocation proceeding, the State bears the burden of establishing a violation with reasonable certainty. [CN 2] *See State v. Sanchez*, 2001-NMCA-060, ¶ 11, 130 N.M. 602, 28 P.3d 1143. To satisfy this burden, the State is required to introduce proof which would incline "a reasonable and impartial mind to the belief that a defendant has violated the terms of probation." *State v. Martinez*, 1989-NMCA-036, ¶ 4, 108 N.M. 604, 775 P.2d 1321. On appeal, this Court reviews the decision to revoke probation for an abuse of discretion. *See id.* ¶ 5. "To establish an abuse of discretion, it must appear the [district] court acted unfairly or arbitrarily, or committed manifest error." *Id.*

{3}     Based on the facts as laid out in Defendant's docketing statement, we proposed to conclude in our calendar notice that the district court did not abuse its discretion in finding that Defendant violated a standard condition of his probation—by failing to get permission from his probation officer before changing his residence—and we

proposed to affirm the district court's revocation of Defendant's probation on that basis. [CN 2-3]

{4} In response to this Court's notice of proposed disposition, Defendant argues that the evidence was insufficient to establish that his violation was willful. [MIO 3-5] *See In re Bruno R.*, 2003-NMCA-057, ¶ 13, 133 N.M. 566, 66 P.3d 339 (stating that "if violation of probation is not willful, but resulted from factors beyond a probationer's control, probation may not be revoked"). We acknowledge that willful conduct is a requisite. However, as we have previously stated, "[o]nce the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence [to show that his] non-compliance . . . was not willful." *State v. Parsons*, 1986-NMCA-027, ¶ 25, 104 N.M. 123, 717 P.2d 99. "[I]f defendant fails to carry his burden, then the [district] court is within its discretion in revoking [Defendant's probation]." *Martinez*, 1989-NMCA-036, ¶ 8.

{5} In the present case, there is no indication that Defendant came forward with evidence to show that his non-compliance—failure to get permission from his probation officer before changing his residence—was somehow not willful, aside from the bare assertion in his memorandum in opposition that he "maintains that his failure . . . was not willful and should not form the basis of a probation revocation." [MIO 4-5] Even in light of his assertion, we are not convinced that Defendant carried his

burden, and we conclude that the district court was within its discretion in revoking his probation.

{6}     Accordingly, we affirm the revocation of Defendant's probation.

{7}     **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**J. MILES HANISEE, Judge**