This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                    **No. A-1-CA-36482**

**RAMIRO GARCIA-LARONDO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela J. Jewell, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Rose M. Osborne, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1} Defendant is appealing from an order revoking his probation. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

{2} Initially, we note that there are two separate records because the two cases were initially filed separately but were consolidated for plea and sentencing purposes. All references will be to the record in D-202-CR-2014-04505.

{3} Defendant continues to challenge the sufficiency of the evidence to support the revocation of his probation. [MIO 4] "In a probation revocation proceeding, the [prosecution] bears the burden of establishing a probation violation with a reasonable certainty." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "To establish a violation of a probation agreement, the obligation is on the [prosecution] to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof." *In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see also State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

{4} Here, after an evidentiary hearing, the district court determined that Defendant had concealed his identity, had failed to report, had failed to notify of his change of address, had failed to comply with the requirements of the Community Corrections

2

Unit, had failed to permit visits to his residence, had failed to comply with drug testing and hotline requirements, and had failed to provide urine for testing. [MIO 3; RP 183] These actions by Defendant violated multiple terms of his probation order. [RP 158-59]

{5} In his memorandum in opposition, Defendant states that there is nothing in the record that explains why he violated the terms of his probation. [MIO 5] However, Defendant bore the burden of presenting evidence to excuse noncompliance, by demonstrating that the violation resulted from factors beyond his control. *See State v. Parsons*, 1986-NMCA-027, ¶ 25, 104 N.M. 123, 717 P.2d 99 ("Once the [prosecution] proof of a breach of a material condition of probation, the defendant must come forward with evidence [to show that his non-compliance] was not willful."). Defendant's memorandum otherwise does not assert any error in facts or law in our calendar notice. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that the party "responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{6} For the reasons set forth in this opinion, we affirm.

{7} **IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**TIMOTHY L. GARCIA, Judge**