This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **No. A-1-CA-35984**

**REBECCA SOTELO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant  Rebecca Sotelo appeals from the revocation of her probation. This

Court issued a notice of proposed disposition, in which we proposed to reverse Defendant's probation revocation on the basis that the State had failed to demonstrate that Defendant willfully violated her probation, as it was unclear whether Defendant knew that she was required to report. The State responded to this Court's notice proposing to reverse by asserting that the evidence establishing non-compliance with a condition of probation is sufficient to justify a finding that the failure was willful unless Defendant comes forward with evidence to excuse the non-compliance. *See State v. Parsons*, 1986-NMCA-027, ¶ 25, 104 N.M. 123, 717 P.2d 99. The State asserted that, because Defendant had not come forward with any evidence at the probation revocation hearing to establish that she was unaware of the requirement to report, it had satisfied its burden.

{2}     This Court issued a third calendar notice applying *Parsons* and proposing to agree with the State. We proposed to rely on the analysis contained in this Court's first notice of proposed disposition wherein we suggested that testimony by the Defendant's probation officer that Defendant was supposed to report to him on March 3, 2016, but did not report until August 2016 was sufficient to establish a violation. Thus, we proposed to conclude in our third calendar notice that Defendant then had the burden of establishing below that the violation was not willful and, as Defendant

had failed to come forward with any evidence that she was unaware of the requirement to report, affirmance appeared appropriate.

{3}     In response, Defendant has filed a memorandum in opposition asserting that she is relying on the arguments made in her previous memorandum in opposition filed on April 5, 2017. We note, however, that Defendant's April 5, 2017, memorandum in opposition does not address the burden shifting established by *Parsons* and on which this Court's third notice of proposed disposition is based. A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003. Accordingly, we affirm.

{4}     **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**STEPHEN G. FRENCH, Judge**

_____

3

**EMIL J. KIEHNE, Judge**