This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. A-1-CA-35524**

**CLINTON DON KESTER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

**{1}** Defendant appeals from the revocation of his probation, based upon the district court's determination that he violated one of the terms and conditions of his probation by failing to report an arrest. Defendant contends that the State failed to establish that the violation was willful. For the reasons that follow, we affirm.

**BACKGROUND**

**{2}** In September 2013 Defendant entered into a plea and disposition agreement, pursuant to which the district court entered a judgment and partially suspended sentence entailing probation. Among the various terms and conditions specified in the probation agreement, Defendant was required to report any arrest to his probation/parole officer within forty-eight hours.

**{3}** On January 19, 2016, while Defendant was subject to the probation agreement, he was arrested on a warrant. Defendant did not report the arrest to his probation officer. The arrest came to the attention of the Adult Probation and Parole Office (the APPO) by other means, prompting a different probation officer to prepare documentation and the State to move to revoke Defendant's probation. At the ensuing hearing, APPO Officer Rachel Hobbs testified as Defendant's supervising officer. Officer Hobbs explained that Defendant signed the aforementioned probation agreement and was subject to its terms and conditions when he was arrested on January 19, 2016. Through Officer Hobbs' testimony, the State further established that

Defendant did not report his arrest directly to Officer Hobbs, did not call the APPO hotline number, and did not otherwise contact the APPO to report his arrest.

**{4}** Ultimately, the district court revoked Defendant's probation based upon his failure to report his arrest to his probation officer within forty-eight hours as required. The instant appeal followed.

**DISCUSSION**

**Abuse of Discretion**

**{5}** "We review the trial court's decision to revoke probation under an abuse of discretion standard. To establish an abuse of discretion, it must appear the trial court acted unfairly or arbitrarily, or committed manifest error." *State v. Martinez*, 1989-NMCA-036, ¶ 5, 108 N.M. 604, 775 P.2d 1321 (citations omitted).

**{6}** "In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. Moreover, the state is required to demonstrate willful conduct on the part of the probationer. *See generally In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339 ("To establish a violation of a probation agreement, the obligation is on the [s]tate to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof."). A showing of noncompliance is generally sufficient to justify a finding of willfulness. *State v. Parsons*, 1986-NMCA-027, ¶ 25, 104 N.M. 123, 717 P.2d 99. A defendant, however,

may refute the state's showing by presenting evidence to excuse the noncompliance. *Id.*; *see also Martinez*, 1989-NMCA-036, ¶ 8 (indicating that "[o]nce the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non-compliance"). Ultimately, "[i]f the trial court finds that his failure to comply was not willful, but resulted from factors beyond his control and through no fault of his own, then probation should not be revoked." *Martinez*, 1989-NMCA-036, ¶ 8. Conversely, if the defendant fails to demonstrate that his noncompliance was not willful, then the trial court is within its discretion in revoking the defendant's probation. *Id.*

{7} In this case, it is undisputed that Defendant violated the terms and conditions of his probation by failing to report his arrest to his probation officer within forty-eight hours. However, Defendant suggests that his noncompliance should be excused, based upon evidence that his arrest came to the attention of the APPO within the 48-hour reporting period. This argument is unavailing. In the highly analogous *Martinez* case, we held that a probation officer's receipt of notice of a probationer's arrest from an independent source does not excuse the probationer's failure to comply with a reporting requirement. *Id.* ¶¶ 6, 10 (upholding a finding that an unexcused violation occurred, notwithstanding the fact that the probation officer was notified by police officers of the probationer's arrest within the reporting time frame).

4

**{8}** Defendant does not suggest we revisit the rationale of the *Martinez* case. Instead, Defendant argues that this case is distinguishable from *Martinez* and that his failure to report should be regarded as "beyond his control" because the APPO alleged a violation of the reporting requirement and served him with a probation violation report prior to the expiration of the 48-hour reporting time frame. Assuming that Defendant presented sufficient evidence to establish these matters,[1] Defendant wholly fails to explain how or why the APPO's preparation and service of such a document precluded him from reporting his arrest to his probation officer in order to comply with the terms and conditions of his probation. It is not self-evident. Under the circumstances, we perceive no basis for Defendant's assertion that the violation was beyond his control. *See generally State v. Hall*, 2013-NMSC-001, ¶ 28, 294 P.3d 1235 ("The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)); *State v. Flores*, 2015-NMCA-002, ¶ 17, 340 P.3d 622 ("[I]t is the responsibility of the parties to set forth their developed arguments, it is not the court's responsibility to presume what they may have intended.").

---

[1]The State disputes whether the document generated by the APPO was a probation violation report, whether that document made any reference to the reporting requirement, and whether Defendant was actually served prior to the expiration of the 48-hour reporting deadline. We deem it unnecessary to resolve these disputed matters because they do not materially affect the outcome.

5

**{9}** We observe in passing that although the preparation and service of the probation violation report does not materially distinguish this case from *Martinez*, there are noteworthy dissimilarities. Unlike the probationer in *Martinez*, 1989-NMCA-036, ¶ 6, Defendant made no effort to contact his probation officer to report his arrest and presented no evidence to indicate that he was prevented from so doing. These considerations render Defendant's situation less compelling than the circumstances addressed in *Martinez*. Insofar as the proffered excuse for non-compliance was rejected in that case, we see no readon to arrive at a different conclusion here.

**CONCLUSION**

**{10}** In light of the foregoing, we conclude that the State satisfied its burden of proving a willful violation of a material term or condition of Defendant's probation. Accordingly, the district court cannot be said to have abused its discretion. We therefore affirm.

**{11}** **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Chief Judge**



**WE CONCUR:**

6

_____

**STEPHEN G. FRENCH, Judge**


_____

**JENNIFER L. ATTREP, Judge**