This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                        NO. A-1-CA-37476

**MELVIN FREEMAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1}    Defendant Melvin Freeman appeals from the revocation of his probation. We previously issued a notice of proposed summary disposition in which we proposed to

affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded by Defendant's assertions of error, we uphold the revocation of Defendant's probation.

{2}     The pertinent background information has previously been set forth. We will avoid undue reiteration here, focusing instead on the substantive content of the memorandum in opposition.

{3}     Defendant continues to challenge to the sufficiency of the evidence to support the revocation of his probation. [MIO 10-17] However, the State met its burden of proof by presenting evidence, including the testimony of his probation officer, that Defendant violated numerous conditions, and that Defendant did not make even initial efforts to comply with those conditions. [CN 2; MIO 6, 9] This is sufficient to support the revocation of Defendant's probation. *See generally State v. Leon*, 2013-NMCA-011, ¶¶ 36, 38-39, 292 P.3d 493 (holding that a probation officer's testimony was sufficient to establish a violation and to support revocation of probation); *State v. Parsons*, 1986-NMCA-027, ¶ 25, 104 N.M. 123, 717 P.2d 99 (indicating that a showing of non-compliance is generally sufficient to justify a finding of willfulness).

{4}     In his memorandum in opposition Defendant contends that the district court erred in finding his non-compliance to be wilful, based on evidence that he presented relative to his own financial constraints. [MIO 6, 8-9, 11-15] However, the district

court was not required to accept Defendant's assertions of total inability to pay, particularly in light of the vagaries of his own testimony. *See generally State v. Hughey*, 2007-NMSC-036, ¶ 16, 142 N.M. 83, 163 P.3d 470 (stating that the fact finder determines matters of credibility and the weight of evidence).

{5}     Moreover, even if we assume that Defendant lacked the financial resources to comply with some of the conditions of his probation, his probation officer explained that he could fulfil other conditions, such as the community service and counseling requirements, free of charge and within his claimed physical limitations. [CN 3; MIO 6-7] Defendant's undisputed failure to satisfy these requirements supplies adequate independent grounds for the revocation of his probation. *See Leon*, 2013-NMCA-011, ¶ 37 ("[A]lthough Defendant challenges the sufficiency of the evidence supporting each of his probation violations, if there is sufficient evidence to support just one violation, we will find the district court's order was proper.").

{6}     In his memorandum in opposition Defendant claims that he did not remember the information supplied by his probation officer, and accordingly, his violations should not be deemed willful. [MIO 8, 12] Once again, however, the district court was at liberty to disbelieve him. *See generally State v. Lavone*, 2011-NMCA-084, ¶ 15, 150 N.M. 473, 261 P.3d 1105 (observing that a defendant's reliance on a mental health issue to excuse his conduct essentially constituted a factual argument, which

3

the district court was not required to find persuasive). We similarly reject Defendant's suggestion that he bore no responsibility for following up on the information supplied by his probation officer. [MIO 15-17] *See, e.g., State v. Martinez*, 1989-NMCA-036, ¶¶ 9-10, 108 N.M. 604, 775 P.2d 1321 (rejecting an argument that a violation should be excused, where the probationer made no follow-up effort to comply, based on his erroneous assumption that compliance would be impossible).

{7}     Finally, to the extent that Defendant argues his probation officer should have done more to assist him in light of his claimed disabilities, [MIO 15-17] the record before us is insufficient to support the claim of error. *See generally State ex rel Children, Youth & Families Dep't v. Johnny S., Sr.*, 2009-NMCA-032, ¶ 8, 145 N.M. 754, 204 P.3d 769 (indicating that in order to preserve issues concerning claims of entitlement to accommodations based upon disabilities, "there must be a request for relief citing the ADA backed by facts developed in the record").

{8}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{9}     **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Chief Judge**

4

**WE CONCUR:**

_____
**J. MILES HANISEE, Judge**

_____
**JULIE J. VARGAS, Judge**