This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37072**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**DESHAWN ROBERTSON,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Michael Martinez, District Judge Pro Tempore**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant Deshawn Robertson appeals the district court's revocation of his probation. Defendant contends that the evidence was insufficient to support the district court's determination that he willfully failed to report to his probation officer as required. We affirm.

**BACKGROUND**

**{2}** In November 2016, Defendant entered into a repeat offender plea and disposition agreement in which he admitted to having a prior felony conviction for criminal possession of a firearm and pleaded no contest to one count of trafficking with intent to distribute heroin, contrary to NMSA 1978, Section 30-31-20 (2006). The district court imposed a sentence of nine years with eight years suspended. Defendant was ordered to complete a four-year term of supervised probation upon serving his one-year commitment.

**{3}** Two of Defendant's standard conditions of probation, ordered by the district court and agreed to by Defendant, were that he refrain from violating the laws of New Mexico and that he report to his probation officer as required. On October 25, 2017, the State filed a motion to revoke Defendant's probation for violating each of these conditions. In its motion, the State cited a criminal complaint charging Defendant with aggravated battery with a deadly weapon and attempted murder as well as Defendant's failure to report to his probation officer on October 6, 2017, as required.

**{4}** At the revocation hearing the State proceeded only on Defendant's failure to report. Bernalillo County Probation and Parole Officer Sean Chavez testified that on September 26, 2017, he had been contacted by the Albuquerque Police Department (APD) and informed that Defendant was sought for questioning in an attempted homicide. Officer Chavez attempted to contact Defendant with no success. On September 29, 2017, Defendant called Officer Chavez, and acknowledged that he knew APD wanted to talk to him. Officer Chavez told Defendant that he needed to turn himself in as soon as possible. Defendant and Officer Chavez agreed Defendant would turn himself in at the Adult Probation and Parole Office on October 6, 2017. However, Defendant did not turn himself in on October 6, 2017. Officer Chavez tried to contact Defendant to no avail.

**{5}** On October 10, 2017, attorney Lisa Torraco[1] called Officer Chavez and told him that she was representing Defendant on the new charges. She also informed Officer Chavez that she was in contact with Defendant, knew where he was, and that he was not going to turn himself in because he had not paid his "fees." Officer Chavez believed Torraco was referring to her attorney fees because she told him that "he had not paid his fees yet."

**{6}** Torraco told Officer Chavez that she instructed Defendant not to turn himself in and that she would provide Officer Chavez a time and date when Defendant would turn himself in. Officer Chavez stated that Defendant "needed to turn himself in now . . . immediately . . . on October 10th" and instructed Torraco to inform Defendant immediately. Torraco responded that she was not going to comply with Officer Chavez's request. Defendant did not turn himself in until October 16, 2017.

**{7}** Upon conclusion of the State's case, Defendant's counsel moved for directed verdict, arguing that the State had not shown Defendant's probation violation was willful because Defendant's decision to not turn himself in on October 6, 2017, was made

---

[1]Torraco did not represent Defendant at the probation revocation hearing.

upon advice of counsel. The district court denied the motion, stating that "[Defendant] can't choose to have someone else direct him . . . he has an obligation under his contract."

**{8}** The district court held a second hearing on the motion to revoke probation on December 28, 2017. Defendant declined to call any witnesses, and the parties proceeded with closing arguments. After hearing both parties' arguments, the district court found that Defendant willfully failed to report to his probation officer as required and revoked Defendant's probation. This appeal followed.

## DISCUSSION

**{9}** A district court may revoke a defendant's probation if, after hearing, it is established that he failed to comply with a condition of probation. *See State v. Parsons*, 1986-NMCA-027, ¶ 19, 104 N.M. 123, 717 P.2d 99. "A violation of the conditions of probation must be established with such reasonable certainty as to satisfy the conscience of the court of the truth of the violation. It does not have to be established beyond a reasonable doubt." *State v. Guthrie*, 2011-NMSC-014, ¶ 14, 150 N.M. 84, 257 P.3d 904 (alteration, internal quotation marks, and citation omitted). "[O]nce the state establishes to a reasonable certainty that the defendant violated probation, a reasonable inference arises that the defendant did so willfully, and it is then the defendant's burden to show that failure to comply was either not willful or that he or she had a lawful excuse." *State v. Aslin*, 2018-NMCA-043, ¶ 9, 421 P.3d 843, *cert. granted*, 2018-NMCERT-___ (No. S-1-SC-36999, June 25, 2018).

**{10}** We review the district court's decision to revoke probation for an abuse of discretion. *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. In reviewing the sufficiency of the evidence "we view the evidence in a light most favorable to the prosecution, indulging all reasonable inferences and resolving all conflicts to uphold the [district] court's decision." *In re Bruno R.*, 2003-NMCA-057, ¶ 9, 133 N.M. 566, 66 P.3d 339. "[W]e apply a two-step process, reviewing the evidence first in accordance with the standard just stated, and determining next whether the evidence, viewed in this manner, could persuade a rational trier of fact" that the defendant violated the terms of his probation. *Id.*

**{11}** Defendant contends that the district court abused its discretion when it revoked his probation because the State did not provide sufficient evidence of willfulness. Defendant does not dispute that the State presented proof of his failure to report to the probation officer on October 6, 2017. Rather, Defendant argues that his reliance on advice of counsel constituted factors beyond his control such that his failure to report was not willful. Specifically, Defendant contends that the State needed to show that he knew reliance on counsel's advice would result in a probation violation in order to prove willfulness. We acknowledge that willful conduct is a requisite; however, "[o]nce the state offers proof of a breach of a material condition of probation, the defendant must come forward with *evidence* [to show that his non-compliance] was not willful." *Parsons*, 1986-NMCA-027, ¶ 25 (emphasis added).

**{12}**   While it is true that the State bears the burden of proving a willful violation, once the State presented evidence of a violation, the burden shifted to Defendant to produce evidence that the violation was not willful. *See id.* Here, Defendant relied solely on Officer Chavez's testimony that Torraco directed Defendant not to turn himself in. While we recognize that adherence to advice of counsel may raise a question of willfulness, this testimony, standing alone, is not dispositive of a lack of willfulness. Importantly, Defendant failed to present any evidence that Torraco provided advice before he failed to turn himself in on October 6, 2017. Nor did Defendant present any evidence that he believed following Torraco's advice would not result in a violation. *Cf. State v. Rivera*, 2009-NMCA-132, ¶ 38, 147 N.M. 406, 223 P.3d 951 (rejecting the defendant's alleged good faith reliance on advice of counsel where the defendant failed to testify to reliance regarding aspects of transaction that constituted violation). Without such evidence, nothing presented to the district court overcame the presumption of a willful violation. Having presented no evidence in this regard we conclude that Defendant did not carry his burden.

**{13}**   Accordingly, we hold that the State presented sufficient evidence to support the district court's determination that Defendant violated his conditions of probation, and, therefore, the district court did not abuse its discretion in revoking Defendant's probation. *See State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 ("[I]f [the] defendant fails to carry his burden, then the [district] court is within its discretion in revoking [the defendant's probation].").

## CONCLUSION

**{14}**   For these reasons, we affirm the revocation of Defendant's probation.

**{15}   IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Judge**

**JULIE J. VARGAS, Judge**