This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42261**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ZARIA PITT,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Peter O'Connor, Assistant Solicitor General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** This matter was submitted to the Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we affirm for the following reasons.

**{2}** Defendant appeals the revocation of her probation both for failure to report to her probation officer in Texas after her supervision was transferred to that state, and also for failure to pay costs and fees that were conditions of her probation. Defendant argues that she was denied her right to confrontation by not being able to cross-examine the Texas probation officer who notified a New Mexico probation officer of her alleged failure to report. [BIC 7] According to Defendant, the New Mexico probation officer's testimony was based solely on the Texas officer's interstate compact violation report, contrary to her right to confrontation. [BIC 7] Defendant recognizes that the right to confrontation is not absolute in probation revocation proceedings, but she argues she was still entitled to cross-examine the Texas probation officer under the five-prong analysis articulated in *State v. Godinez*, 2025-NMSC-005, ¶ 26, 563 P.3d 854.

**{3}** "Because loss of probation is loss of only conditional liberty, the full panoply of rights due a defendant in a criminal trial do not apply." *State v. Guthrie*, 2011-NMSC-014, ¶ 10, 257 P.3d 904 (alterations, internal quotation marks, and citation omitted). "The right protected in probation revocation [cases] is not the [S]ixth [A]mendment right to confrontation, guaranteed every accused in a criminal trial, but rather the more generally worded right to due process of law secured by the [F]ourteenth [A]mendment." *Id.* ¶ 12. Among the components of due process is the right to confront and cross-examine adverse witnesses, unless there is good cause for not allowing confrontation within the meaning of the Fourteenth Amendment. *See id.* In determining whether good cause is present, courts

> look to the following list of non-exhaustive factors in relation to the challenged evidence: (1) whether it is contested or uncontested; (2) whether it is central or collateral to proving the alleged violation; (3) whether it is about a subjective, judgment-based observation that is subject to inference and interpretation, making the witness's demeanor and credibility highly relevant to the truth-finding process, or about an objective conclusion, a routine recording, or a negative fact, making the demeanor and credibility of the witness less relevant to the truth-finding process; (4) whether its source is reliable or unreliable because the source does or does not have a motive to fabricate; and (5) whether it is corroborated by a reliable source or is unsupported or contradicted.

*Godinez*, 2025-NMSC-005, ¶ 26 (internal quotation marks and citation omitted). Whether Defendant was afforded due process is subject to de novo review. *See Guthrie*, 2011-NMSC-014, ¶ 22.

**{4}** Defendant's arguments on appeal are unavailing for two reasons. First, the New Mexico probation officer testified as to whether or not he had received her monthly probation costs and other fees based on his personal knowledge. As Defendant recognizes, the officer could "look and see if [Defendant] made any payments toward fees in the system," and he testified that Defendant had not. [BIC 6] These observations were based on the officer's personal knowledge and observations, and they are not subject to confrontation concerns. Defendant does not raise on appeal any concern

about her inability to pay, nor does she reference any evidence presented to the district court of such inability. *See State v. Parsons*, 1986-NMCA-027, ¶ 25 104 N.M. 123, 717 P.2d 99 ("Once the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non-compliance by showing indigency and that the failure to pay was not willful.").

**{5}** Secondly, the analysis under the five factors in *Godinez* does not indicate that the Texas probation officer's testimony requires confrontation. Although Defendant compares her case to the facts of *Godinez*, arguing that it requires reversal, the testimony here more closely resembles the permissible testimony in *Guthrie*. *Godinez* involved a probation revocation based on a newly charged crime in which the State did not present alleged victim testimony at the probation revocation hearing. *See* 2025-NMSC-005, ¶¶ 3, 16. Instead, the state relied on the alleged victim's out-of-court statements. *See id.* ¶ 34. The New Mexico Supreme Court held that the district court erred in revoking probation without Defendant having some way to cross-examine the alleged victim's testimony. *See id.* ¶¶ 34, 43.

**{6}** The present case more closely resembles *Guthrie*, in which our Supreme Court determined that due process did not require confrontation when the State introduced out-of-court statements made by a rehabilitation treatment center supervisor about the defendant not completing required rehabilitation treatment. 2011-NMSC-014, ¶¶ 4, 7. The *Guthrie* Court determined that the rehabilitation provider's statements fell "decisively" on the permissible side of the "good cause" spectrum of excusing confrontation requirements for four reasons. *Id.* ¶ 45. As succinctly described in *Godinez*:

> The need for, and utility of, confrontation was de minimis in [*Guthrie*] because (1) the primary allegation at issue—that the probationer failed to complete residential treatment—was uncontested; (2) the allegation concerned an objective, negative, and rather routine fact that was easily and reliably established to a reasonable degree of certainty by a written statement; (3) little to nothing could be gained by live testimony when neither declarant associated with the fax had any known motive to fabricate or deceive about the allegation; and (4) the truth of the allegation was self-evident from the time and place of the probationer's arrest, which was during the treatment period and away from the treatment center.

*Godinez*, 2025-NMSC-005, ¶ 22 (alterations, internal quotation marks, and citations omitted).

**{7}** This case presents facts very similar to *Guthrie* which, according to the nonexhaustive factors later described in *Godinez*, do not require confrontation. In this case, Defendant has not directed this Court to evidence or even to argument indicating she made proper contact with her Texas probation officer, or that she paid her monthly probation costs, DNA fee, or domestic violence fee. Though Defendant challenges the admission of the officers' statements, the veracity of the underlying allegations is not

contested. [RB 3] *Guthrie*, 2011-NMSC-014, ¶¶ 34-35 (holding that challenges on procedural or evidentiary grounds do not sufficient to require confrontation: the truth of the state's allegations must be challenged). While the information in the report is "central" to proving the violation, it does not involve a "subjective, judgment-based observation that is subject to inference and interpretation" of a sort that would require live testimony to gauge truthfulness. *Godinez*, 2025-NMSC-005, ¶ 26. Instead, Defendant's failure to establish contact with her probation officer and pay her costs and fees is "an objective, negative, and rather routine fact that was easily and reliably established to a reasonable degree of certainty by a written statement." *Id.* ¶ 22. The New Mexico probation officer testified that the report from Texas was a standard communication between probation offices [BIC 5], indicating a lack of motive to fabricate or deceive about the allegation. Though Defendant identifies a potential inconsistency in the Texas officer's report regarding whether officers successfully reached her at her home during their follow-up contact, this does not undermine any assertions regarding either her failure to report to her probation officer as often as required or to pay her costs and fees. Defendant's failure to pay the appropriate costs and fees five years into her probation is an objective, routine allegation analogous to the *Guthrie* defendant's failure to complete rehabilitation treatment. The New Mexico officer was able to corroborate that Defendant had not paid her required fees from an independent review of his system. We conclude Defendant has not demonstrated that the district court deprived her of due process in permitting the New Mexico officer to testify regarding statements made in the Texas officer's report or in allowing for testimony regarding unpaid costs and fees.

**{8}**     For the foregoing reasons, we affirm the revocation of Defendant's probation.

**{9}     IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**